IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
U.S. DISTRICT COURT
2011 SEP 27 AM 11: 26
CLERK R. Auk
SO. DIST. OF GA.

SAID GUESSOUMA,

    Petitioner,

v.

CIVIL ACTION NO.: CV511-067

Warden STINE and UNITED STATES
OF AMERICA,

    Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Said Guessouma ("Guessouma"), who is currently incarcerated at the D. Ray James Correctional Facility in Folkston, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondents[1] filed a Response. For the reasons which follow, Guessouma's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Guessouma was convicted in the Eastern District of New York, after pleading guilty, of: conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(ii)(II), and illegally dealing in firearms, in violation of 18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D). Guessouma was sentenced to 41 months' imprisonment. Guessouma had a projected release date of April 20, 2012, via good conduct time release. (Doc. No. 9, p. 2).

---

[1] The only properly-named respondent in a section 2241 petition is the warden at the inmate's current place of incarceration. Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004). Thus, Donald Stine would be the properly named Respondent in this case.

AO 72A
(Rev. 8/82)

In the instant petition, Guessouma requests a six (6) month reduction in his sentence. Guessouma asserts that he is a deportable alien, and, as such, he is ineligible for early release after his completion of the Residential Drug Abuse Program and for halfway house release. (Doc. No. 1). Respondents contend that Guessouma's petition should be dismissed for want of subject matter jurisdiction based on Guessouma's failure to exhaust his administrative remedies. (Doc. No. 9).

## DISCUSSION AND CITATION OF AUTHORITY

"[P]risoners seeking habeas relief, including relief pursuant to [28 U.S.C.] § 2241," must exhaust all available administrative remedies. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004). If a petitioner fails to exhaust his administrative remedies before seeking redress in the federal courts, the court should dismiss the case for want of jurisdiction. Winck v. England, 327 F.3d 1296, 1300 n.1 (11th Cir. 2003) (citing Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992)). "Also jurisdictional is '[t]he general rule . . . that a challenge to agency actions in the courts must occur after available administrative remedies have been pursued.'" Id. (quoting Boz v. United States, 248 F.3d 1299, 1300 (11th Cir. 2001)).

In Porter v. Nussle, the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. 534 U.S. 516, 523 (2002). The Supreme Court has noted exhaustion must be "proper." Woodford v. Ngo, 548 U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-

AO 72A
(Rev. 8/82)

91.[2] In other words, an institution's requirements define what is considered exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. Id.

Inmates at D. Ray James must exhaust administrative remedies, beginning their grievance process locally with the Warden by using the contractor's[3] grievance procedures. (Doc. No. 9-1, p. 3). This involves an attempt at informal resolution, which, if unsuccessful, is followed by a formal complaint via a Step 1 administrative remedy form. Id. If the inmate is not satisfied with the resolution of the formal complaint, the inmate may appeal to the Bureau of Prisons' ("BOP") Administrator of the Privatization Management Branch, so long as the appeal involves BOP related matters.[4] Id. If the inmate is not satisfied with the Privatization Administrator's response, the inmate may make a final appeal to the BOP's Office of General Counsel. (Id. at p. 4). If an inmate files an administrative remedy concerning a BOP related matter, the administrative remedies will be recorded in the BOP's SENTRY computer database. (Id.).

---

[2] Although Woodford was a civil rights suit rather than a habeas petition, the Court "noted that the requirement of exhaustion is imposed by *administrative law* in order to ensure that the agency addresses the issues on the merits." Fulgengio v. Wells, CV309-26, 2009 WL 3201800, at *4 (S.D. Ga. Oct. 6, 2009) (emphasis in original) (quoting Woodford, 548 U.S. at 90) (internal punctuation omitted). Thus, exhaustion requirements are applicable to habeas petitions.

[3] The BOP contracts with GEO Group, Inc., to house approximately 2,200 low security criminal alien inmates at D. Ray James Correctional Facility. (Doc. No. 9, p. 2).

[4] Examples of BOP related matters which must be appealed to the BOP are: sentence computations, reduction in sentences, removal or disallowance of good conduct time, and an inmate's eligibility for early release upon successful completion of the Residential Drug Abuse Program. (Doc. No. 9-1, pp. 2-3).

3

The issues raised in Guessouma's petition involve BOP related matters. (Id.). Guessouma filed two (2) BOP administrative remedies during his incarceration, as shown by the SENTRY database. However, Guessouma's first administrative remedy, Number 627007-R1 was rejected because he did not use the proper form, and he did not file first at the institutional level. Guessouma was afforded the opportunity to correct his deficiencies, but he did not do so. Guessouma's second administrative remedy, Number 638345-R1 was rejected because he failed to file at the institutional level first. Again, Guessouma did not correct this deficiency. (Id. at pp. 5, 18-19). Therefore, he has not exhausted his available administrative remedies regarding the issues raised in his petition. As Guessouma has not exhausted his available administrative remedies, the Court lacks subject matter jurisdiction to hear his petition. Guessouma is not entitled to § 2241 relief.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Guessouma's § 2241 petition be **DISMISSED**, without prejudice, due to Guessouma's failure to exhaust his available administrative remedies.

**SO REPORTED** and **RECOMMENDED**, this 27th day of September, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

4

AO 72A
Rev. 8/82)